■ ARTHUR PARSONS, as Executor of SALLIE A. WIGGINS,

Deceased, Respondent, v MOHRING ENTERPRISES, INC., Appellant.

On March 27, 1989, the plaintiff entered into a contract to sell real property to the defendant. The contract contained a condition that the defendant seek approval from the Town of Oyster Bay for the subdivision of the property into four building lots to be used for erection of four single-family dwellings, within a period not to exceed one year from the date of the contract. The defendant agreed to close title 10 days from the date of such approval or upon the expiration of one year, whichever occurred first. The plaintiff represented that the property could be subdivided into three building lots and promised to return the defendant's down payment if the property could not be so subdivided. It is undisputed that the Town Zoning Law permitted the three-lot subdivision as represented by the plaintiff. The contract also provided that if the defendant's application for permission to subdivide the property into four lots for the erection of a fourth single-family dwelling was denied, the purchase price of the property would be reduced from $850,000 to $700,000. A review of the record establishes that the defendant received the approval to erect a fourth single-family dwelling and was obligated to close title at the higher purchase price. This case presents no material triable issue of fact. Accordingly, the award of summary judgment in favor of the plaintiff was proper (see, Zuckerman v City of New York, 49 NY2d 557). Thompson, J. P., Sullivan, Eiber and Copertino, JJ., concur.